IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON, AT SEATTLE

| | |
|---|---|
| GREGORY ALEXANDER, | IN ADMIRALTY & AT LAW |
| Plaintiff, | Case No. |
| vs. | SEAMAN'S PERSONAL INJURY COMPLAINT FOR DAMAGES |
| FOSS MARITIME COMPANY, LLC Washington Limited Liability Company HDR MARINE, LLC an Alaska Limited Liability Company, *In Personam;* EMMETT FOSS, Official No.1246298, *In Rem;* | DEMAND FOR TRIAL BY JURY OF 12 PERSONS |
| Defendants. | |

1. **PARTIES, JURISDICTION, VENUE & APPLICABLE LAW**

This case arises under the United States Constitution Art. III, Section 2, cl.1 and this Court's Admiralty and Maritime Jurisdiction, 28 U.S.C. Sec. 1333. Seaman are entitled to a filing fee waiver under 18 U.S.C. 1916. Jones Act 46 USC 30104.

1.1 GREGORY ALEXANDER is an injured seaman who resides in the State

---

PLAINTIFF'S COMPLAINT FOR DAMAGES
1

LAW OFFICE OF ANTHONY M. URIE, PLLC
18130 Midvale Ave N.
Shoreline, WA 98133
Ph 206-859-

of Arizona. He was injured while serving as First mate onboard the Emmet Foss on approximately July 29, 2017. The injury occurred near Endicott, Alaska.

1.2 Defendant Foss Maritime Company maintains its principle place of business in Seattle, King County, Washington. The Tug Vessel Emmett Foss is home ported and hails out of Seattle, Washington.

1.3 Defendant HDR Marine, LLC is an Alaska Limited Liability Company with its principle place of business in Seward, Alaska and upon belief does business in the State of Washington.

1.3 The applicable law in this case is the general maritime law and the *Jones Act* Upon information and belief Defendants where at the time of Plaintiff's accident engaged in a Joint Venture Charter wherein, HDR Marine, LLC would operate the vessel, Emmet Foss, for certain time periods and Foss Maritime Company would supply an additional captain to take over navigation of its vessel, the Emmett Foss, (take control of the navigation and control of the Emmett Foss) while engaged in movement of oil rigs and other hazardous operations, outside the usual activities of HDR Marine, all during the joint venture time period. Accordingly, Defendants are Joint & Severally Liable to Plaintiff for his injuries.

1.4 The United States District Court for the Western District of Washington is a *convenient form* to litigate this case, as plaintiff's primary treating doctors are within the District, the adjuster responsible for payment of maintenance and cure is located in the District, Foss Maritime Company has its principle office is within the District and upon

PLAINTIFF'S COMPLAINT FOR DAMAGES
2

LAW OFFICE OF ANTHONY M. URIE, PLLC
18130 Midvale Ave N.
Shoreline, WA 98133
Ph 206-859-

belief the Emmett Foss is moored within the District. Upon information and belief many of the witnesses to this matter work and or reside within this District.

## 2. STATEMENT OF FACTS COMMON TO PLAINTIFF'S CLAIMS AND ALLEGATIONS OF NEGLIGENCE AND UNSEAWORTHINESS OF THE VESSEL EMMITT FOSS AND OR BARGE

2.1 On or about July 29, 2017 plaintiff was serving aboard the tug vessel Emmett Foss in the capacity of First Mate. Plaintiff is a licensed USCG Captain with a rating of 1600 tons master tug and towing. At the time of the incident the Emmet Foss was moored alongside a bulkhead near Endicott, Alaska with a barge tied on the other side of the vessel. Mr. Alexander was performing manual labor onboard the barge, pursuant to orders of the captain. This included such tasks as cutting steel bars with a grinder. It soon became apparent to Mr. Alexander that he needed a respirator to prevent himself from breathing noxious fumes from the steel cutting procedure. The respirator was located in the forward part of the Emmett Foss, which required Mr. Alexander to climb off the barge and onto the tug. Mr. Alexander went into the forepeak of the tug, and climbed up to the location of the respirators which were stored high up within storage bins. The tug and barge had been surging hard up onto the bulkhead for a period of hours, yet the captain refused to either tighten the moorage lines and or go offshore and anchor in deeper calmer water.

PLAINTIFF'S COMPLAINT FOR DAMAGES
3

The surging of the tug and barge onto the bulkhead caused Mr. Alexander loose his grip/balance and fall onto the deck below, wherein he sustained a broken collar bone and injury to his right shoulder.

2.2 Mr. Alexander reported the injury to the captain and shortly thereafter was requested to fly home for medical attention.

2.3 The above noted fall resulted in medical expenses, payment of maintenance and cure, including surgery to Mr. Alexander's right shoulder, which occurred in Gig Harbor, Washington.

## 3. NEGLIGENCE

3.1 Defendants owes its employees a duty to provide a safe work place, including but not limited to a safe vessel and barge on which to work. A tug vessel and barge which are not "slamming" up against a bulkhead and had been for hours. During the entire time of heavy surging of the tug and barge onto the bulkhead, the captain ordered his crew to continue performing maintenance and repair work on the barge. It was only after Mr. Alexander's injury did the captain decide to move a short distance offshore, into deeper water and thus avoid the surge.

3.1.1 This negligence and or gross negligence of the captain occurred by being well aware for a long period of time, that the tug and barge were surging hard, slamming" up onto the bulkhead. Yet he failed to tighten the moorage lines and or move the tug and barge offshore where they could anchor in calm water. Ordering the crew to work in

PLAINTIFF'S COMPLAINT FOR DAMAGES
4

LAW OFFICE OF ANTHONY M. URIE, PLLC
18130 Midvale Ave N.
Shoreline, WA 98133
Ph 206-859-

these dangerous conditions is *Jones Act* negligence. This conduct by the captain over a long period of time was additionally gross negligence and it evidenced a wanton and willful disregard for the safety of the crew. This negligence, gross negligence and wanton and willful disregard for the safety of others was the proximate cause of plaintiff's injuries and supports an award of both general and punitive damages, allowed in Admiralty.

### 4. UNSEAWORTHINESS

4.1 Defendants was at material times hereto the owners, charterers and or operators of the vessel Emmet Foss and the barge being towed by the Emmett Foss. As such they owed a warranty/duty to provide a "seaworthy" vessel and barge to the crew, serving aboard the tug and barge. Defendants breached this warranty obligation owed to Plaintiff, as the tug vessel Emmet Foss and barge attached thereto, were both unseaworthy at the time of the accident to Mr. Alexander. The Emmet Foss and barge were unfit for their intended purpose of safely engaging in supply work for offshore oil wells and other, matters related to offshore driller in the Arctic Ocean. This unseaworthiness was a proximate cause and substantial factor in plaintiff's injuries and will be more fully proven at the time of trial.

//

LAW OFFICE OF ANTHONY M. URIE, PLLC
18130 Midvale Ave N.
Shoreline, WA 98133
Ph 206-859-

## 5. PROXIMATE CAUSE AND DAMAGES

5.1 The acts, omissions, negligence, gross negligence, negligence *per se,* unseaworthiness, wanton, willful disregard for human life and safety of others, including the unseaworthiness of the Emmett Foss and barge tied alongside the tug, are the sole and proximate cause of plaintiff's injuries and resulting damages and or were a substantial factor in his injuries.

## 6. RESERVATION OF RIGHTS

6.1 Plaintiff reserves the right to Amend this Complaint to add additional parties or claims as may be supported by facts learned through discovery.

## 7. PRAYER FOR RELIEF

WHEREFORE Plaintiff Prays for the following relief:

A. General and special damages in an amount established at the time of trial.

B. Pain and suffering damages, past, present and future, both physical and emotional in an amount established at the time of trial.

C. Special damages for medicine, X-rays, cost of medical treatment and doctors and medical related costs of any nature, past, present and future.

D. Loss of wages, past, present and future, in an amount established at the time of trial.

E. Loss of enjoyment of life in an amount to be proven at the time of trial.

LAW OFFICE OF ANTHONY M. URIE, PLLC
18130 Midvale Ave N.
Shoreline, WA 98133
Ph 206-859-

F. For costs of suit and reasonable attorney fees.

G. For pre-judgment interest as allowed in admiralty.

H. For punitive damages in an amount within the jurisdiction of this court for Defendant's gross negligence and or wanton, willful and careless disregard for human life and safety of others.

I. For such other relief as this court deems just and reasonable, including a demand for a Jury Trial of 12 persons.

J. No prepayment of fees required as this is a seaman's injury case, 28 U.S.C. 1916.

Dated this 12th day of March, 2019.

By:

*[signature]*

Law Offices of Anthony M. Urie, PLLC
ANTHONY M. URIE, WSBA#11711
Attorney for Plaintiff
Gregory Alexander

---

PLAINTIFF'S COMPLAINT FOR DAMAGES
7

LAW OFFICE OF ANTHONY M. URIE, PLLC
18130 Midvale Ave N.
Shoreline, WA 98133
Ph 206-859-